NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-222

RYAN JORDAN

vs.

KAYE MULVEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties, who were never married, are the parents of a son who is approximately nine years old.  They share legal custody of the son and, to a large degree, have been able to resolve disputes about raising him.  An exception involves which school the son should attend.  That issue was the subject of a modification judgment entered in the Probate and Family Court on October 31, 2022, following a brief trial.  On the mother's appeal, we vacate so much of the judgment that required the son's enrollment in public school, and we remand that aspect of the case for further proceedings consistent with this memorandum and order.  In all other respects, the modification judgment is affirmed.[1]

_____

[1] Two other issues raised by the mother on appeal have become moot.  One had to do with a provision in the modification

We draw the following facts from the judge's findings. Because the parties share legal custody, they are jointly responsible for deciding where the son goes to school. The father agreed that the son could attend a particular private school for kindergarten, so long as he moved to a local public school for first grade. When the time came for the switch, however, the mother refused to enroll him in public school. She claimed that a change in circumstances justified her reneging on the agreement and that her son would be better off if he remained in the private school. She also indicated her willingness to assume all costs of the son attending private school.

With the parties unable to agree on where the son should attend school, the Probate and Family Court judge was called on to resolve that issue. In a provision of the judgment labeled 1(a)(ii), the judge allowed the son to complete third grade at his private school after specifically determining that this was

judgment that required the parties to choose a new doctor for their son. At oral argument, the parties reported that they have agreed on a new doctor for him. The other issue raised by the mother had to do with a requirement that the parties characterize the decision to have the son attend public school as a joint decision. The judge subsequently amended that provision in a manner that the parties agree mooted the issue. We ratify the judge's decision to entertain the mother's motion to amend the modification judgment even though the modification judgment was the subject of this pending appeal. See Grubert v. Grubert, 20 Mass. App. Ct. 811, 817 n.12 (1985).

in his best interests.  The judge went on to order that "[t]hereafter, unless otherwise ordered or agreed to by the parties (in writing), [the son] shall attend the Beverly Public Schools (or appropriate public school where Mother resides)."[2]

Most of the relevant portions of the judge's findings address each party's claims that the other's preferred choice would not serve the son's particular educational needs.  The judge rejected the parties' respective arguments about this issue and appears to have found both schools adequate to address the son's needs.  His rationale for choosing public school over private school is not entirely clear, but it appears to be based on his view that if one option was not clearly preferable, the public-school option should prevail by "default."

In defending the judge's resolution of the school issue, the father emphasizes the wide discretion that Probate and Family Court judges enjoy in resolving what is in the best interests of a child (the standard and "overarching principle" that applies, as the father acknowledges, Charara v. Yatim, 78 Mass. App. Ct. 325, 334 [2010]).  The problem, however, is that it is not at all clear that the judge applied that standard. Although the judge specifically found that it was in the son's

_____

[2] The parties reported at oral argument that, by agreement, the son remained enrolled at private school for his fourth-grade year.

3

best interests to complete third grade at the private school, the judge did not address where the son's best interests lay thereafter.

Without expressing any view on which school option furthers the son's best interests, we vacate provision 1(a)(ii) of the modification judgment entered on October 31, 2022 and remand that aspect of the case to the judge for resolution. We note that on remand the judge may take additional evidence on the issue, including from experts or others who can address the relative merits of the educational options in light of the boy's special needs, each school's academic and extracurricular offerings, the socialization needs of the boy, and any other relevant consideration. In all other respects, the modification judgment is affirmed.[3]

So ordered.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[4]),

*Paul Little*

Assistant Clerk

Entered: January 24, 2024.

---

[3] The father's request for fees and double costs is denied.
[4] The panelists are listed in order of seniority.